# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | : | |
| | : | |
| v. | : | ID No. 2212001152B |
| | : | |
| CORNELIUS E. ARCHY | : | |

## ORDER DENYING MOTON FOR APPOINTMENT OF POSTCONVICTION COUNSEL

**AND NOW TO WIT,** this 5th day of August, 2024, the Court having duly considered Cornelius E. Archy's ("Archy") Motion for Appointment of Counsel and the Record, **IT APPEARS THAT**:

(1)    On September 7, 2023, a jury found Archy guilty of Possession of a Firearm by a Person Prohibited ("PFBPP"), and Possession of Ammunition by a Person Prohibited ("PABPP").[1]  On June 17, 2024, the Court sentenced Archy as follows, for PFBPP, 15 years at Level V,[2] and for PABPP, 8 years at Level V suspended for 6 months at Level IV DOC Discretion, followed by 1 year at Level III.[3]

(2)    Archy did not file a direct appeal.

---

[1] D.I. 7.

[2] Archy was sentenced for PFBPP as a Habitual Offender pursuant to 11 *Del. C.* § 4214(d).  D.I. 25.

[3] D.I. 24.

(3) On July 25, 2024, Archy filed a *pro se* motion for postconviction relief.[4]

Five days later he filed a Motion for Appointment of Counsel.[5]

(4) Pursuant to Superior Court Criminal Rule 61(e)(2):

> The judge shall appoint counsel for an indigent movant's first timely postconviction motion and request for appointment of counsel if the motion seeks to set aside: (i) a judgment of conviction after a trial that has been affirmed by final order upon direct appellate review and is for a crime designated as a class A, B, or C felony under 11 Del. C. § 4205(b); (ii) a judgment of conviction after a trial that has been affirmed by final order upon direct appellate review and resulted in the imposition of a life sentence under 11 Del. C. § 4214; or (iii) a sentence of death.[6]

(5) Because Archy did not file a direct appeal he fails to satisfy Rule 61(e)(2)(i).[7]

**WHEREFORE**, Archy's Motion for Appointment of Postconviction Counsel is **DENIED**.

/s/ Jan R. Jurden
Jan R. Jurden, President Judge

---

[4] D.I. 27.

[5] D.I. 31.

[6] Super. Ct. Crim. R. 61(e)(2).

[7] Archy does not meet the criteria set forth in Rule 61(e)(4) for the same reason. *See* Super. Ct. Crim R. 61(e)(4) ("The judge may appoint counsel for any other first postconviction motion only if the judge determines that: (i) the motion is an indigent movant's first timely postconviction motion and request for appointment of counsel; *(ii) the motion seeks to set aside a judgment of conviction after a trial that has been affirmed by final order upon direct appellate review*; (iii) the motion sets forth a substantial claim that the movant received ineffective assistance of trial or appellate counsel; (iv) the motion sets forth a substantial claim that the movant is in custody in violation of the United States Constitution or the Delaware Constitution; (v) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (vi) specific exceptional circumstances warrant the appointment of counsel.") (emphasis added).

Original to Prothonotary
cc:    Jillian L. Schroeder, Esq., DAG
       Cornelius Archy